ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR -4 P 2: 40

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HARVEY O. LAYNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-040 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 12). Petitioner commenced this case pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") refusal to grant him the maximum award of Good Conduct Time ("GCT") for the three years of his imprisonment spanning from May of 2005 to May of 2008. (See doc. no. 1, pp. 1, 5.) The Magistrate Judge found that the BOP had awarded Petitioner the GCT sought for the year-long period ending in May of 2008 following the filing of the instant petition, and he further determined that Petitioner was not entitled to the maximum award of GCT for the remaining periods at issue. As a result, he recommended that the petition be dismissed as moot in part and denied in part. (Doc. no. 10.)

In his objections, Petitioner attempts to rely upon arguments and evidence not included in his original petition. For example, unlike in his § 2241 petition, he now argues that the BOP has improperly deprived him of GCT for time he served during 2010 through 2012. (Doc. no. 12, p. 2.) In addition, he has attached a final order of removal from August

of 2011, and he argues that he is entitled to an increased award GCT based on such order. (Id. at 2-3, 10.) Notably, Petitioner offers no explanation for failing to provide this new material previously, and the material does not relate to the time period at issue in the claims asserted in the petition.

While Petitioner would like to use his objections to inject new arguments and evidence after receiving an unfavorable analysis from the Magistrate Judge, to allow him to do so would frustrate systematic efficiencies and reduce the role of the Magistrate Judge to "that of a mere dress rehearser." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)). Therefore, the Court will not consider the arguments and evidence provided for the first time in Petitioner's objections. See id. at 1291-92 (approving district court's refusal to consider new argument set forth by *pro se* litigant in objections where the party had the opportunity to present the argument to the magistrate judge and failed to do so); Howell, 231 F.3d at 621 (holding that district courts are not required to consider supplemental factual allegations presented for the first time in objections to a magistrate judge's report and recommendation). Moreover, the Court notes that even if it were to consider Petitioner's newly provided order of removal, it would make no difference in the adjudication of the claims in the petition, as such claims all relate to a time period that predates the removal order by over three years.

Turning to the remaining portion of the objections, Petitioner plainly fails to provide any reason to depart from the Magistrate Judge's conclusions. Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant § 2241 petition is **DISMISSED AS MOOT IN PART** and **DENIED IN PART**, as set forth in the Report and

Recommendation. As a result, this civil action shall be **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent Wells.

SO ORDERED this 4th day of April, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE